28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert P. SALAZAR, a married man, Plaintiff-Appellant,
v.
UNITED STATES of America, United States Department of
Justice, Richard Thornburgh, Attorney General of the United
States, K. Michael Moore, in his official capacity as
Director, United States Marshal Services, Defendants-Appellees.
 No. 92-16671.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1994.
Decided July 13, 1994.
 
 1
 Before: ALARCON and FERNANDEZ, Circuit Judges, and WILSON, District Judge[1].
 
 MEMORANDUM[2]
 
 2
 Robert Salazar filed a complaint under the Federal Tort Claims Act, 28 U.S.C. 2671-et seq., against the United States of America, the Department of Justice, Richard Thornburgh and K. Michael Moore. His sole cause of action is intentional infliction of emotional distress. The District Court dismissed for lack of jurisdiction, finding that Salazar's claim was preempted by the Civil Service Reform Act of 1978. Salazar appeals, arguing that the District Court erred in finding Salazar's claim to be preempted. We affirm.
 
 I.
 
 3
 In his complaint, Salazar alleges that he was Chief Deputy United States Marshal for the District of Arizona from October, 1985 through July, 1990. In November, 1988, the deputy marshals for the District of Arizona affixed a picture of Salazar to a bulls-eye target with a hat pin stuck in the eye. The target was hung in the office of the United States Marshal. The deputy marshals shot at the target with a spring-loaded plastic dart pistol. The United States Marshal for the District of Arizona had knowledge of the deputy marshals' conduct. As a result of the conduct, Salazar alleges that he has suffered extreme emotional distress.
 
 II.
 
 4
 We review de novo dismissals for lack of subject matter jurisdiction. See, Rivera v. United States, 924 F.2d 948 (9th Cir.1991); Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989) cert. denied, 469 U.S. 973, 110 S.Ct. 3217 (1990).
 
 III.
 
 5
 The CSRA protects Federal civil servants through "an elaborate, comprehensive scheme that encompasses substantive provisions forbidding arbitrary action by supervisors...." Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404 (1983).
 
 
 6
 The CSRA provides a remedy for civil servants who have suffered from "prohibited personnel practices." This term has been broadly defined by the statute. 5 U.S.C. 2302(b). Employees who have the authority to take, recommend or approve personnel actions are forbidden from discriminating on the basis of national origin. 5 U.S.C. 2302(b)(1)(A). Furthermore, employees with such authority are forbidden from taking or failing to take personnel action if the taking or failing to take such action violates any law, rule or regulation implementing or directly concerning the "merit principles." 5 U.S.C. Sec. 2302(b)(11).
 
 
 7
 "Personnel actions" include appointments, promotions, disciplinary or corrective action, details, transfers, reassignments, reinstatements, restorations, reemployment, performance evaluations, decisions concerning pay, and changes in duties or responsibilities. 5 U.S.C. Sec. 2302(a)(2).
 
 
 8
 The "merit principles" provide that "all employees should receive fair and equitable treatment without regard to ... national origin." 5 U.S.C. 2301(b)(2). They also provide that employees should be protected from arbitrary action and personal favoritism. 5 U.S.C. Sec. 2301(b)(7)(A).
 
 
 9
 Because of the broad scope of the CSRA, this Court has found that the CSRA preempts the field of claims brought by employees arising out of the personnel practices of the United States Government. Saul v. United States, 928 F.2d 829, 842 (9th Cir.1991). This is true even where the CSRA does not provide a corresponding remedy. Id. at 840.
 
 
 10
 In Saul, an employee of the Social Security Administration filed a complaint against the United States as well as his immediate supervisors alleging violation of his constitutional right to privacy, defamation and tortious infliction of emotional distress. Saul, 928 F.2d at 831. Among the supervisors' actions that formed the basis of the suit were refusing to let plaintiff sit at his desk before 8:00 a.m., opening his personal mail and making defamatory statements to a congressional aide during a telephone conversation. Id. at 834. The Court held that each of these actions amounted to a "corrective action" and therefore a "personnel action." Id. at 834. Plaintiff's claims, which derived from the allegation that the supervisors took these "personnel actions" in violation of the merit principles, were therefore found to be preempted. Id. at 840.
 
 
 11
 In Rivera the plaintiff, a civilian employee with the Navy brought a complaint against the United States alleging that she suffered from retaliation after she notified a superior about her supervisor's consistent tardiness. Rivera, 924 F.2d at 951. The retaliation included verbal abuse and adverse personnel actions. Id. at 950. The Court found that her claims were preempted. Id. at 954.
 
 IV.
 
 12
 Salazar argues that the claim is not preempted because the tortious actions were those of his co-workers not his supervisor. Furthermore, Salazar argues, the actions served no personnel function and, indeed, the co-workers had no authority to take personnel action on his behalf.
 
 
 13
 The arguments are flawed because plaintiff's claim rests on more than just the actions of the deputy marshals. It also alleges knowledge on the part of the United States Marshal. Indeed, the suit has not been filed against the deputy marshals, but rather against the United States Government as the employer. The knowledge on the part of the United States Marshal, and subsequent inaction, is a necessary element of establishing the United State's liability under a theory of respondeat superior.
 
 
 14
 In other words, Salazar's has, essentially, alleged that the United States Marshal failed to take action to remedy the wrongful conduct on the part of the deputy marshals. Under Saul, supra, and Rivera, supra, such remedial actions qualify as "corrective actions," and hence qualify as "personnel actions." Under the CSRA, prohibited personnel practices may include the failure to take personnel action for reasons that violate the merit principles as well as the taking of personnel actions for reasons that violate the merit principles.
 
 
 15
 Plaintiff could have alleged an entirely separate claim of intentional infliction of emotional distress in which the inaction of his supervisor played no role. Although we doubt such a claim would have been viable on the facts of this case, we need not address this issue because plaintiff has not raised such a claim.
 
 
 16
 In brief, because Salazar's claim rests upon the allegation that his supervisor engaged in prohibited personnel practices by failing to take personnel action as mandated by the merit principles, his claim is preempted by the CSRA.
 
 V.
 
 17
 In conclusion, the Court finds that Salazar's claim is preempted by the CSRA. The decision by the District Court is therefore
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 [2]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3